**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---------------------------------------------------------------

| | |
|---|---|
| RACHEL BROWN<br>623 Concord Avenue<br>Wilmington, DE 19802 | : <br> : <br> : <br> : |
| Plaintiff, | : |
| | :     Civil Action No.: _____ |
| v. | : |
| | :     **JURY TRIAL DEMANDED** |
| KELLY SERVICES, INC.<br>999 W Big Beaver Road<br>Troy, MI 48084 | : <br> : <br> : <br> : |
| Defendant. | : |

---------------------------------------------------------------

## COMPLAINT

Plaintiff, Rachel Brown ("Plaintiff"), hereby brings this action against Defendant Kelly Services, Inc. ("Defendant"), and alleges, upon personal knowledge as to her own acts, and upon information and belief as to the acts of others, as follows:

## NATURE OF THE ACTION

1.      Plaintiff brings this action contending Defendant violated her rights under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, *et seq.*, and ultimately terminated her from employment in retaliation for her attempts to exercise those rights in violation of the same.  As a result, Plaintiff has suffered damages as set forth herein.

## PARTIES

2.      Plaintiff Rachel Brown is a citizen of the United States and the State of Delaware, and currently resides at 623 Concord Ave., Wilmington, DE 19802.

3.      Upon information and belief, Defendant Kelly Services, Inc., is a for-profit corporation organized and existing under the laws of the State of Delaware, with a corporate

headquarters located at 999 W Big Beaver Road, Troy, MI, 48084, and conducts business throughout the Commonwealth of Pennsylvania.

4.     At all times relevant hereto, Defendant acted or failed to act through its agents, servants, and/or employees thereto existing, each of whom acted at all times relevant hereto in the course and scope of their employment with and for Defendant.

## JURISDICTION AND VENUE

5.     On or about August 12, 2019, Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), which was dually filed with the Pennsylvania Human Relations Commission ("PHRC"), thereby satisfying the requirements of 42 U.S.C. § 2000e5(b) and (e), and 43 P.S. § 959(a).  Plaintiff's EEOC Charge was docketed as EEOC Charge No. 530-2019-05505.  Plaintiff's EEOC Charge was filed within one hundred and eighty (180) days of the unlawful employment practice.

6.     By correspondence dated November 16, 2020, Plaintiff received a Notice of Right to Sue from the EEOC regarding her Charge, advising Plaintiff had ninety (90) days to file suit against Defendant.

7.     Plaintiff filed the instant action within the statutory time frame applicable to her claims.

8.     Plaintiff has therefore exhausted her administrative remedies and has complied with all conditions precedent to maintain this action.

9.     This is an action authorized and instituted pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, *et seq.*

2

10. This Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, as it is a civil rights action arising under the laws of the United States.

11. This Court has pendant jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, as those claims arise out of the same common nucleus of operative fact as her federal claims.

12. Personal jurisdiction over Defendant exists in the Commonwealth of Pennsylvania as Defendant has physical offices within the Commonwealth of Pennsylvania and conducts business throughout the Commonwealth of Pennsylvania.

13. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as a substantial part of the unlawful practices of which Plaintiff is complaining were committed in the Commonwealth of Pennsylvania and in this judicial district.

## FACTUAL BACKGROUND

14. The preceding paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

15. In or around June 2018, Defendant hired Plaintiff as a Clinical Manufacturing Scientist and placed her with a pharmaceutical company.

16. During her tenure, Plaintiff performed her job well, receiving occasional praise and no significant discipline.

17. On or about December 4, 2018, Plaintiff was in a car accident that left her with bulging and herniated discs in her neck and back and associated pain.

18. Plaintiff's injuries constitute a disability within the meaning of the ADA in that they substantially impair her major life activities, including, but not limited to, lifting, bending and squatting.

19.     After the accident, Plaintiff went on short-term disability leave to recuperate.

20.     In or around the end of January 2019, after receiving a full diagnosis, Plaintiff provided Defendant with a doctor's note that she should be restricted to light duty (no bending, lifting above 20 pounds or squatting) until approximately March 11, 2019.

21.     Plaintiff's last job description did not include any lifting requirements.

22.     Defendant did not affirmatively grant or deny Plaintiff's request at that time, but Plaintiff returned to work for approximately one and a half weeks on light duty.

23.     Plaintiff's use of temporary leave and lifting, bending and squatting restrictions were reasonable accommodations within the meaning of the ADA insofar as they permitted Plaintiff to perform the essential functions of her job and did not place an undue burden upon Defendant.

24.     There was no complaint at any time about Plaintiff's performance during the period when she performed on light duty.

25.     On or about February 11, 2019, the Human Resources Manager Susan Dolce ("Ms. Dolce") told Plaintiff not to report to work.

26.     On or about February 13, 2019, Ms. Dolce, along with other employees of Defendant and the pharmaceutical company, called Plaintiff to tell her that her temporary restrictions could not be accommodated and that she would be terminated as a result thereof.

27.     Plaintiff responded that this was strange since she had already been back to work under the restrictions.

28.     Ms. Dolce responded: "Things change every day."

29.     Given the circumstances and timing, it is believed and therefore averred that Defendant terminated Plaintiff's employment because of her actual and/or perceived disabilities,

because Defendant regarded Plaintiff as disabled, and in retaliation for her requests for an accommodation in connection thereto.

30.     At the time of her unlawful termination, Plaintiff was qualified for her position.

31.     Upon information and belief, at the time of her unlawful termination, Defendant had a continuing need for the job duties and responsibilities previously performed by Plaintiff.

32.     As a result of Defendant's deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, promotion, benefits, earnings and earnings potential, loss of potential benefits, and other economic damages, and also suffered mental anguish, emotional pain and suffering, emotional distress, humiliation, and damage to reputation.

**COUNT I**
**AMERICANS WITH DISABILITIES ACT**
**42 U.S.C. § 12101, *et seq.***
**DISCRIMINATION AND RETALIATION**

33.     The preceding paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

34.     At all times relevant hereto, Plaintiff was an employee of Defendant within the meaning of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*.

35.     Pursuant to the ADA, Plaintiff is a qualified individual with one or more disabilities.

36.     Plaintiff's bulging and herniated discs in her neck and back and associated pain constitute disabilities within the meaning of the ADA in that they substantially impair her ability to engage in major life activities, including, but not limited to, lifting, bending and squatting.

37.     Despite her disabilities, Plaintiff would have been able to perform the essential functions of her job with or without a reasonable accommodation, including, but not limited to, temporary medical leave and temporary light duty restrictions.

38.     By reason of the foregoing, Defendant, through its agents, officers, servants, and/or employees, has violated the ADA by failing to engage in the interactive process of determining a reasonable accommodation for Plaintiff, and ultimately terminating Plaintiff's employment on the basis of her actual and/or perceived disabilities, past record of impairment, such disabilities Defendant regarded Plaintiff as having, and in retaliation for Plaintiff's requests for reasonable accommodations in connection thereto.

39.     As a result of Defendant's deliberate, unlawful, and malicious actions as set forth above, Plaintiff has suffered loss of employment, earnings, raises, other significant economic benefits, emotional pain and suffering, emotional distress and humiliation.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

A.     Back wages, front pay, and bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B.     Punitive and/or compensatory damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

C.     Plaintiff's costs, disbursements, and attorneys' fees incurred in prosecuting this action;

D.     Pre-judgment interest in an appropriate amount; and

E.      Such other and further relief as is just and equitable under the circumstances.

F.      Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable law.

**COUNT II**
**PENNSYLVANIA HUMAN RELATIONS ACT**
**43 P.S. § 951, *et seq.***
**<u>DISCRIMINATION AND RETALIATION</u>**

40.      The preceding paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

41.      Plaintiff is a qualified individual with disabilities within the meaning of the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, *et seq.*, due to her bulging and herniated discs in her neck and back and associated pain, which substantially impair her ability to engage in major life activities, including, but not limited to, lifting, bending and squatting.

42.      Plaintiff was/is able to perform the essential functions of her job with or without a reasonable accommodation.

43.      It is believed and therefore averred that Defendant, through its agents, officers, servants, and/or employees, has violated the PHRA by failing to engage in the interactive process of determining a reasonable accommodation for Plaintiff, and ultimately terminating Plaintiff's employment on the basis of her actual and/or perceived disability, past record of impairment, and in retaliation for her requests for reasonable accommodations in connection thereto.

44.      As a result of Defendant's deliberate, unlawful, and malicious actions as set forth above, Plaintiff has suffered loss of employment, earnings, raises, other significant economic benefits, emotional pain and suffering, emotional distress and humiliation.

45.     The conduct described above constitutes a violation of the PHRA and affords Plaintiff the opportunity to seek any and all remedies available under said Act.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

A.      Back wages, front pay, bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B.      Compensatory damages in an amount to be determined at trial;

C.      Plaintiff's costs, disbursements, and attorneys' fees incurred in prosecuting this action;

D.      Pre-judgment interest in an appropriate amount; and

E.      Such other and further relief as is just and equitable under the circumstances.

F.      Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages a set forth by federal law.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By: */s/ Michael Murphy*
Michael Murphy, Esq.
Eight Penn Center, Suite 2000
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103

TEL: 267-273-1054
FAX: 215-525-0210
murphy@phillyemploymentlawyer.com
*Attorney for Plaintiff*

Dated: February 12, 2021

## **DEMAND TO PRESERVE EVIDENCE**

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to Plaintiff's potential claims and her claims to damages, to any defenses to same, including, but not limited to, electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.